IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACLYN PAZERA<br>　　　Plaintiff,<br><br>　　　v.<br><br>OFFICER VALLARDES, OFFICER TAMURRINO and the COLLEGE OF DUPAGE.<br><br>　　　Defendants. | Case No. 15-cv-9957 |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, JACLYN PAZERA (hereinafter "PLAINTIFF"), by and through her attorney, Blake Horwitz, Esq., The Blake Horwitz Law Firm, LTD, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit, OFFICER VALLARDES, OFFICER TAMURRINO , (hereinafter, the "DEFENDANT OFFICERS"), and the COLLEGE OF DUPAGE:

**JURISDICTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law and statutes of the State of Illinois.

2. This Court has jurisdiction over PLAINTIFF'S federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and over PLAINTIFF'S state claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), in that the events giving rise to PLAINTIFF'S claims occurred in this district.

## PARTIES

1. PLAINTIFF is a resident of the State of Illinois and of the United States.

2. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the COLLEGE OF DUPAGE.

3. The DEFENDANT COLLEGE OF DUPAGE is a duly incorporated community college and is the employer and principal of the DEFENDANT OFFICERS who are College of DuPage police officers. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of Glen Ellyn.

## FACTS

4. On or about December 7, 2014 PLAINTIFF was on the DEFENDANT COLLEGE OF DUPAGE'S campus, where she was a student.

5. During a break in-between classes, PLAINTIFF and several classmates walked outside to smoke cigarettes.

6. Subsequently, DEFENDANT OFFICER VALLARDES approached the group.

7. DEFENDANT OFFICER VALLARDES stated that he was going to give PLAINTIFF and her classmates a warning for smoking on the DEFENDANT COLLEGE OF DUPAGE campus.

8. DEFENDANT OFFICER VALLARDES then asked PLAINTIFF and her classmates for their identification.

9. PLAINTIFF informed DEFENDANT OFFICER VALLARDES that she accepts the warning and she proceeded to class.

10. DEFENDANT OFFICER VALLARDES called for backup.

11. The DEFENDANT OFFICERS followed PLAINTIFF into her classroom.

12. DEFENDANT OFFICER VALLARDES yelled, "is that your student?" at PLAINTIFF'S teacher.

13. PLAINTIFF'S teacher informed DEFENDANT OFFICER VALLARDES that he could not give PLAINTIFF'S name due to FERPA rules.

14. DEFENDANT OFFICER TAMURRINO asked PLAINTIFF for her identification.

15. PLAINTIFF showed her identification, with her thumb covering everything on her identification, except for her picture, the expiration date, and the DEFENDANT COLLEGE OF DUPAGE logo.

16. DEFENDANT OFFICER TAMURRINO then arrested the PLAINTIFF for trespass.

17. The DEFENDANT OFFICERS then proceeded to grab PLAINTIFF and bring her to the ground while she was still sitting in a chair, which she was doing in order to participate in her class.

18. The DEFENDANT OFFICERS then manhandled PLAINTIFF and aggressively handcuffed her, causing her, difficulty breathing and physical and emotional pain, causing injury to her left shoulder and other parts to her body.

19. After manhandling the PLAINTIFF, DEFENDANT OFFICER VALLARDES realized he was being recorded by one of PLAINTIFF'S classmates.

20. DEFENDANT OFFICER VALLARDES took the student's cell phone.

21. When DEFENDANT OFFICER VALLARDES took the student's phone, he was aware that a video of a physical altercation between a police officer and an arrestee could

3

be used in a criminal trial both in favor of the case for the prosecution and in favor of the case against the Defendant.

22. *Brady v. Maryland*, 373 US 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 prohibits police officers from destroying exculpatory evidence (evidence that may help an accused).

23. Prior to causing the deletion of the video on the student's cell phone, OFFICER VALLARDES was trained that exculpatory evidence cannot be destroyed by him prior to a criminal trial.

24. OFFICER VALLARDES followed the policy of the DEFENDANT COLLEGE OF DUPAGE in destroying evidence that would incriminate a member of the College of DuPage Police Department, which is run by the DEFENDANT COLLEGE OF DUPAGE.

25. OFFICER VALLARDES followed the policy of the DEFENDANT COLLEGE OF DUPAGE in destroying evidence that would incriminate an employee of the DEFENDANT COLLEGE OF DUPAGE.

26. When OFFICER VALLARDES took the student's cell phone, he was aware that a video of a physical altercation between a police officer and an arrestee could be used in a criminal trial, both in favor of the case for the prosecution and in favor of the case against the defendant.

27. One of the DEFENDANT OFFICERS threatened the witness who possessed the cell phone with a taser, to the effect that if the witness did not tender the video, he would be tasered.

28. PLAINTIFF was not a threat to the DEFENDANT OFFICERS in any way.

4

29. On or about December 7, 2014, PLAINTIFF did not obstruct the DEFENDANT OFFICERS in the performance of their duties, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

30. The use of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS was unreasonable.

31. In addition, one DEFENDANT OFFICER knew that that the other DEFENDANT OFFICER who used excessive force was going to use excessive force against PLAINTIFF, had the opportunity to prevent the harm to PLAINTIFF from occurring but failed to take steps to prevent the harm from occurring. Moreover, the failure of the DEFENDANT OFFICERS to act caused the PLAINTIFF to suffer harm.

32. On or about December 7, 2014, the DEFENDANT OFFICERS arrested, participated in the arrest or failed to prevent the arrest of the PLAINTIFF and charged or participated in the charging of PLAINTIFF with criminal activity, notwithstanding that neither DEFENDANT OFFICER observed or learned that PLAINTIFF had committed criminal activity of any sort, was committing any criminal activity, or was about to commit criminal activity.

33. Neither of the DEFENDANT OFFICERS had probable cause to believe that the PLAINTIFF had committed, was committing or was going to commit any criminal activity on or about December 7, 2014. This conduct violated the Fourth Amendment to the United States Constitution.

34. On or about December 7, 2014, neither of the DEFENDANT OFFICERS had probable cause to arrest the Plaintiff.

5

35. On or about December 7, 2014, PLAINTIFF had not committed any act contrary to the laws of the State of Illinois.

36. On December 7, 2014, the DEFENDANT OFFICERS did not witness the PLAINTIFF commit the act of trespass.

37. On or about December 7, 2014, the DEFENDANT OFFICERS did not have a reasonable suspicion to believe PLAINTIFF was involved in criminal activity.

38. As a direct and proximate result of one or both of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages including but not limited to, physical and emotional injury, financial losses, and lost wages.

39. On or about December 7, 2014, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the College of DuPage Police Department.

40. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

41. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

42. The DEFENDANT OFFICERS falsified police reports and documentation regarding their interaction with PLAINTIFF on December 7, 2014.

43. On October 27, 2015, PLAINTIFF was found innocent of all criminal charges lodged against her by the DEFENDANT OFFICERS arising from her arrest on December 7, 2014.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

44. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

45. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.

46. This conduct violated the Fourth Amendment of the United States Constitution.

47. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries suffered by the PLAINTIFF, set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

48. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

49. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

50. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

51. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries suffered by the PLAINTIFF, set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Law Claim

52. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

53. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

54. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Law Claim

55. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

56. The DEFENDANT OFFICERS touched PLAINTIFF intentionally, without consent and without justification.

57. PLAINTIFF suffered injury as a result.

8

58. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

59. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and costs

### COUNT V
### § 1983 Unreasonable Seizure

60. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

61. DEFENDANT OFFICERS knowingly and intentionally laid their hands on PLAINTIFF and used physical force to restrain the PLAINTIFF'S movements.

62. DEFENDANT OFFICERS' threatening presence and their language and tone of voice suggested compulsion to PLAINTIFF.

63. PLAINTIFF did not feel free to leave and the intimidating contact by DEFENDANT OFFICERS caused PLAINTIFF to be physically controlled, stopped, and detained.

64. DEFENDANT OFFICERS lacked any probable cause to restrain PLAINTIFF, which constituted a misuse of power.

65. The aforementioned actions were the direct and proximate cause of the violations as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
## 745 ILCS10/10 Claim against the COLLEGE OF DUPAGE

66. PLAINTIFF re-alleges paragraphs 1 – 43 as though fully set forth herein.

67. DEFENDANT COLLEGE OF DUPAGE is the employer of the DEFENDANT OFFICERS.

68. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT COLLEGE OF DUPAGE.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT COLLEGE OF DUPAGE pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## JURY DEMAND

69. PLAINTIFF demand trial by jury.

    Respectfully submitted,

    *s/ Blake Horwitz*
    Attorney for the PLAINTIFF

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St.
Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 372-7076
bhorwitz@bhlfattorneys.com